UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X Docket No.

BLUE ANGEL REALTY, INC.,

                          Plaintiff,                         **VERIFIED
COMPLAINT**

     -against-

UNITED STATES OF AMERICA and
UNITED STATES DEPARTMENT OF HOUSING
AND URBAN DEVELOPMENT,

                        Defendants.
———————————————————————X

      BLUE ANGEL REALTY, INC., complaining of the defendants by its attorneys

FEDRIZZI & ASSOCIATES, P.C., hereby alleges as follows:

### INTRODUCTION

1. The subject of this lawsuit is an apartment complex of commonly referred to as Blandina Street Apartments, in the City of Utica, County of Oneida, State of New York.

2. Said apartment complex, for taxing purposes, is comprised of five separate units, known and designated as 308 Blandina, 310 Blandina, 312 Blandina, 314 Blandina and 316-322 Blandina.

3. The plaintiff, BLUE ANGEL REALTY, INC., is currently the owner of all parcels as described above.

4. In 1996, the premises were originally acquired by a subsidiary of Utica Community Action from the City of Utica Urban Renewal Agency and were rehabilitated for the purposes of renting the apartments to low income and Section 8 individuals.

5. Utica Community Action subsidiary entered into a Regulatory Agreement, a Capital Advance Program use agreement and a grant with USA/HUD which became a lien.

1

6.  On or about July 11, 1996, the real property described above, became encumbered with a "use agreement" or mortgage, duly recorded in the offices of Oneida County Clerk in which HUD "loaned" money to a prior owner, C.W.R. Housing Development Fund Corporation, pursuant to the capital advance program for capital improvement.

7.  The amount advanced by the defendants was $1,024,600.00 and same was recorded.

8.  Upon information and belief, that on or about the 19th day of August, 2004, the parcel in question was sold at a tax foreclosure sale by the City of Utica to United Four Inc. The sum collected was $2971.22 by deed dated June 24, 2005.

9.  The defendant, UNITED STATES OF AMERICA, through its agency, HUD, had been placed on notice of said tax foreclosure sale which directly impacted its interest in said real property.

10. The defendant, UNITED STATES OF AMERICA, through its agency, HUD, failed to satisfy said tax lien to protect the alleged interest defendants allegedly had in said real property.

11. The defendant, UNITED STATES OF AMERICA, through its agency, HUD, failed to participate in said sale and failed to appear at said tax foreclosure sale to protect its alleged lien, although having been placed on notice and failed to protect any legal interest defendant had in said real property.

12. On February 22, 2006, a corporate quitclaim deed was filed with the Department of Assessment and Taxation, Utica.

13. C.W.B Housing Development Fund Corporation lost the property for back taxes and the tax certificate was sold by the City of Utica to United Four, Inc., a Bona Fide Purchaser

for value and the premises was conveyed pursuant to a City Tax Deed to United Four, Inc. in 2004.

14. Upon information and belief, any lien interest held by the defendant was extinguished upon the sale of the real property to satisfy back taxes.

15. C.W.B. Housing Development Fund Corporation quit claimed any interest that it may have had in the premises in 2006 to United Four, Inc.

16. The defendants, UNITED STATES OF AMERICA and the UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT forfeited any and all rights, title, interest and liens they may have maintained prior to the tax foreclosure sale.

17. In May, 2006, United Four, Inc. sold the premises by warranty deed to Blue Angel Realty, Inc. (the present owner and intended seller).

18. Blue Angel Realty has been renting out its apartments to low income and Section 8 tenants ever since. This covers a span of approximately 13 years.

19. At the time of purchase, Blue Angel Realty, Inc. had a title search performed and any alleged lien held by defendant, which may have encumbered the real property in issue, had apparently been extinguished since same failed to be discovered in the search.

20. At the time of purchase, Blue Angel Realty, Inc. obtained fee title insurance, but unfortunately, Blue Angel's attorneys suffered a catastrophic flood loss and the policy could not be produced.

21. In addition, the Abstract Company that furnished the policy went out of business and none of the principals of the Abstract Company could be reached to find out where the Insurance Company's copy of the policy is located.

22.  On or about January 10, 2018, BLUE ANGEL REALTY, INC., entered into a contract
    for the sale of the afore described real property to Utica Municipal Housing Authority
    and said closing was to take place July, 2018.

23. However, said closing did not take place due to the discovery of the alleged existing lien
    filed by defendants placed on the property two owners prior, as set forth above.

24. Said lien was discovered by plaintiff at the time the title search was performed on said
    premises.

25. The alleged lien held by defendant on real property identified as 312 Blandina was
    eliminated with the tax foreclosure sale.

26. The defendants, their agents, servants and employees never engaged in any legal action to
    reinstate said lien on premises known and designated as 312 Blandina.

27. Allegedly, the HUD lien remained on premises known as 308 Blandina, 310 Blandina,
    314 Blandina and 316-322 Blandina, the HUD lien on those properties was never
    eliminated.

28. Upon information and belief, the defendant HUD failed to remove the lien for the grant
    provided to C.W.R. Housing Fund upon the sale of the premises by C.W.R. Housing
    Fund (hereinafter referred to as "C.W.R.") to United Four, Inc.

29. Upon information and belief, the defendant HUD should have removed the lien against
    the aforedescribed real property.

30. The defendant, HUD did not have a lien against 312 Blandina.

31. As part of the process of purchasing the real property from plaintiff, BLUE ANGEL
    REALTY, INC., The Municipal Housing Authority of the City of Utica (UMHA), the
    proposed purchaser, was obtaining financing from a local bank and was buying title

insurance.  The existence of the "open" HUD grant on the County Clerk's records had

caused substantial delay in closing which had caused the schedule for refurbishing the

property to be severely thrown off.

32. In an effort to eliminate this "issue" of the HUD lien from the Capital

Improvement/Grant to C.W.R., the purchaser, through its attorney's, was requesting

HUD's assistance in canceling the lien once and for all.

33. However, after extensive communications by the attorneys for the proposed purchasers

and the plaintiff, HUD, through communications in August, 2018 through its authorized

agents, servants and employees, specifically JAMES C. BRYLINSKY, ESQ. and

LAURIE A. BEARDI indicated said lien should be cancelled.

34. Despite said representations, on or about October 3, 2018, HUD refused to lift said lien

and/or provide a capital advance so that said property could be saved.

35. Plaintiff has provided all documentation requested by the defendants and defendants,

after making representations that the lien would be lifted, and after delaying the decision

for many months, caused plaintiff to lose a sale of the real property in question, have

denied the request for the lifting of the lien and/or to provide a capital improvement for

the property in question, thus rendering said real property worthless and causing a

tremendous financial loss to plaintiff.

36. As a result of the aforesaid, the plaintiff has sustained damages in excess of EIGHT

HUNDRED THOUSAND ($800,000.00) DOLLARS.

**PARTIES**

37. Plaintiff, BLUE ANGEL REALTY, INC. is a duly formed corporation existing under and

by virtue of the laws of the State of New York.

38. Plaintiff, BLUE ANGEL REALTY, INC., maintains its principal place of business at 441 Lexington Avenue, Suite 1200, New York, New York 10017.

39. Plaintiff, BEDIS ZORMATI, is the President of said corporation.

40. Upon information and belief, that at all times hereinafter mentioned, defendant U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD) is an executive branch agency of the United States Government.  It is charged with administering a variety of federally funded programs and funding sources.

41. While not a named party to the action, the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT (HUD) BUFFALO OFFICE is a branch of HUD, charged with administering a variety of federally funded programs and funding sources for a specific region including but not limited to the City of Utica, Oneida County, and State of New York.

42. While not a named party to the action, LAURIE A. BEARDI, is the Chief, Account Executive Branch – Asset Management Division, U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, MULTIFAMILY NORTHEAST REGION.

43. While not a named party to the action, JAMES C. BRYLINSKY, ESQ., is the Chief Counsel for the U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, BUFFALO OFFICE.

44. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, BUFFALO OFFICE, is the regional office with jurisdiction over the afore described property located in Utica, New York.

45. The U.S. Department of Housing and Urban Development, Buffalo Office is the branch of HUD that the plaintiffs were addressing the issues set forth herein.

46. Laurie Beardie and James Brylinski were the agents, servants and employees of The U.S. Department of Housing and Urban Development, Buffalo Office who made certain representations indicating that the lien would be removed and they could not see any reason as to the denial of said request.

## JURISDICTION and VENUE

47. This Court has jurisdiction over this matter under 28 U.S.C. 1331 (laws arising under Constitution of United States; 28 U.S.C 1346 (United States as a defendant) and 28 U.S.S. 1361 (compel an agency to perform duty owed to plaintiff).

48. Venue is proper pursuant to 28 U.S.C. 1408 in that the plaintiff maintains its principal place of business in the Southern District.

## PRE-REQUISITE COMPLIANCE

49. In compliance with the Federal Torts Claim Act, Plaintiff timely served and filed a Claim with the United States Department of Housing and Urban Development, Federal Tort Claims Center at its offices located at Thomas P. O'Neill, Jr., Federal Building, 10 Causeway Street, Room 310, Boston, Massachusetts on January 29, 2020, well within the two year statute of limitations, this action having arisen on or about October 3, 2018.

50. The United States Department of Housing and Urban Development, by letter dated January 4, 2020, denied the claim filed by the plaintiff seeking the sum of Four Million Seven Hundred Ninety Thousand Dollars as and for damages.

## FACTUAL ALLEGATIONS

51. Plaintiff's repeat, reiterate and reallege each and every allegation contained in paragraphs marked "1" through "50" with the same force and effect as if more fully and at length set forth herein.

52. Plaintiff is the owner of real property known and designated as 308 Blandina, 310
    Blandina, 312 Blandina, 314 Blandina and 316-322 Blandina, in the City of Utica,
    County of Oneida, and State of New York.

53. Plaintiff has been the owner of said parcels of real property since May 20, 2006.

54. The above described real property parcels are an apartment complex.

55. Plaintiff has operated said apartment complex as Section 8 Housing since taking
    possession of same on or about May 20, 2006.

56. That on January 10, 2018, the plaintiff, BLUE ANGEL REALTY, INC. entered into a
    written contract for the sale of said real property to Municipal Housing Authority of the
    City of Utica for the sum of SEVEN HUNDRED FIFTY THOUSAND ($750,000.00)
    DOLLARS.

57. A closing was scheduled to take place July 20, 2018 but did not transpire.

58. Said closing did not take place as the parties discovered the title was and still is
    encumbered by a lien from defendants which was not extinguished as part of the tax sale.

59. Plaintiffs, their prior counsel, counsel for the purchaser all communicated with Laurie A.
    Beardi, Chief Account Executive Branch – Asset Management Division, U.S.
    Department of Housing and Urban Development, Multifamily Northeast Region and
    James C. Brylinsky, Esq., Chief Counsel, HUD Buffalo.

60. The email of James C. Brylinsky, indicates, as counsel for HUD, he did not see an issue
    with lifting the lien so that the sale could proceed and all was sent to on to HUD
    according the email of Laurie A. Beardi, the information and correspondence from James
    C. Brylinsky would be forwarded to HUD for response.

61. Plaintiffs', in good faith, have attempted to resolve this issue with defendants but to no avail; that while plaintiffs have provided all information and documentation requested by defendants, have created a time-line of events for the defendants, have unequivocally shown the defendants that the plaintiffs purchased the real property from United Four, Inc., also not the recipient of the mortgage from defendants, that the tax foreclosure sale cancelled the HUD lien on the premises known as 312 Blandina, one of the five parcels, plaintiffs have requested that the defendants clear title so the transaction could occur; communications from both Brylinski and Beardi indicated and lead plaintiffs to believe that said title would be cleared and the lien removed; after waiting over three months, on or about October 3, 2018 plaintiff received communications from HUD in which the request was denied and the property would remain encumbered thus rendering said property without value.

62. Plaintiff then followed up HUD through its agents, servants and employees Beardi and Brylinski to resolve this matter amicably but defendants have refused to address the matter and work out an amicable solution.

63. HUD's response is irresponsible and has a negative impact on both the plaintiffs and the population of the City of Utica.

64. The purchaser, on September 13, 2018, cancelled the contract of sale to purchase the real property in issue for $750,000.00 because plaintiffs could not close due to the cloud on title from HUD.

65. On September 19, 2019, an NF95 Claim Form with additional sheets and documentary evidence was served upon HUD pursuant to the Federal Torts Claim Act, 28 USC §2675 and 24 CFR §17.2 at the United States Department of Housing And Urban Development,

451 7th Street South West, Washington, D.C. 20410 by first class mail; 820 First Street

NE, Suite 300, Washington, DC 2002-4205; and, by first class mail on 465 Main Street,

Lafayette Ct., 2nd Floor, Buffalo, NY 14203-1789.

66. On October 24, 2019, a second NF95 Claim Form with additional sheets and

documentary evidence was served upon HUD at the same address, 451 7th Street South

West, Washington, DC 20410 by first class mail.

67. On January 29, 2020, Plaintiff timely served and filed a Claim with the United States

Department of Housing and Urban Development, Federal Tort Claims Center at its

offices located at Thomas P. O'Neill, Jr., Federal Building, 10 Causeway Street, Room

310, Boston, Massachusetts on January 29, 2020, well within the two-year statute of

limitations, this action having arisen on or about October 3, 2018.

68. The United States Department of Housing and Urban Development, by letter dated June

4, 2020, denied the claim filed by the plaintiff seeking the sum of Four Million Seven

Hundred Ninety Thousand Dollars as and for damages.

## AS AND FOR A FIRST CAUSE OF ACTION
## FOR MANDAMUS RELIEF

69. Plaintiff's repeat, reiterate and reallege each and every allegation contained in paragraphs

marked "1" through "68" with the same force and effect as if more fully set forth at

length herein.

70. The defendants were aware of the existence of a valid contract of sale between plaintiffs

and Utica Municipal Housing Authority in that both the plaintiffs and the attorneys for

Utica Municipal Housing Authority expressly, in writing and orally, advised the

defendants of the existence of said contract for the sale of the premises in question to Utica Municipal Housing Authority.

71. The defendants held a recorded mortgage against the premises for funding provided to Utica Urban Renewal Agency and C.W.B. Housing Development Fund Corp. for said premises; this grant/capital improvement was recorded in 1996 and, upon information and belief, the defendants have failed to engage in any activity to collect said grant/capital improvement instead permitting same to be sold at a tax foreclosure sale; in that the defendant, its agents, servants and employees was placed on notice of said sale and did not participate, respond or in any way protect its alleged asset;   in 2006, C.W.B Housing Development Fund Corp. sold the property to United Four, Inc., which was an arm's length transaction between two unrelated parties; the property was sold again from United Four, Inc. to the plaintiff Blue Angel Realty, Inc. on May 20, 2006.

72. The defendants have never engaged in any activity to collect on the mortgage at issue.

73. When plaintiffs purchased the real property in issue, the defendants' mortgage failed to appear as a cloud on title although a title search had been conducted.

74. The defendants, through its agents, servants and employees, in particular Laurie Beardi, were aware of the contract of sale since same had been presented to them during negotiations to resolve this matter amicably, by plaintiffs; the defendant, its agents, servants and employees have failed to resolve this matter; as a result of the defendant, its agents, servants and employees failure to lift the lien; that as a result in the delay caused by the defendants, its agents, servants and employees in rendering a timely decision and lifting the lien, the contract of sale between plaintiff and a third party has been breached and/or rescinded;  defendant, through its agents, servants and employees, knew or should

have known of the urgency and necessity of clearing this title; that the defendant, through its agents, servants and employees, particularly BRYLINSKI and BEARDI, represented that the matter would be resolved in favor of the plaintiff and that the lien would be lifted and the title cleared; in that the defendant, through its agents, servants and employees have failed to abide by the representations made to the plaintiffs causing the plaintiffs substantial harm.

75. That the plaintiffs seek relief pursuant to 28 USC §1361 in the form of a mandamus in that the defendant, its agent, HUD, must be compelled to clear and quiet title in accordance with 28 U.S.C. §2410(a)(1) and/or provide a capital improvement in the sum of $750,000.00 so that plaintiff may proceed with the sale of the real property in question and/or capital improvements required of the property.

76. Plaintiffs have a clear right to the relief requested in that the defendant, through its agent, servants and employees made it clear that the lien would be lifted so that plaintiff could transfer clear title and said lien, upon information and belief, did not exist at the time the purchase was made by plaintiffs;  the defendant had a clear duty to perform the act in question since said affirmative representations were made by defendant through its agents, servants and employees to plaintiffs; and, plaintiff has no other recourse in that plaintiffs seek and need clear title to sell the premises in question.

77. Plaintiffs have also waived any right, title or interest in the real property in question due to their failure to participate in and/or defend in the tax foreclosure action against 312 Blandina which lead to the sale of said property and the extinguishment of the lien held by defendant.

78. Plaintiffs are seeking mandamus relief, requesting that title be quieted and the lien by the
    defendants be extinguished.

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT
### TO 28 USC §2410

79. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs
    marked "1" through "78" with the same force and effect as if more fully and at length set
    forth herein.

80. Plaintiffs seek a judgment to quiet title and to remove the mortgage recorded against the
    real property in issue.

81. That said mortgage is a cloud on title.

82. Upon information and belief, the sums of monies had been provided by defendant to
    C.W.B. Housing Development Fund Corporation as part of a Capital Improvement
    program and the monies were issued on or about July 11, 1996.

83. The real property had been sold at a tax foreclosure sale thus, upon information and
    belief, extinguishing the alleged lien held by the defendant.

84. The real property in issue had been sold by C.W.B. Housing Development Fund
    Corporation to United Four, Inc. in 2006 and said lien, upon information and belief,
    failed to appear as a cloud on title.

85. Subsequently, in or about May 20, 2006, United Four, Inc. sold the real property at issue
    to plaintiffs, Blue Angel Realty, Inc.

86. Plaintiffs, at the time of purchase of said real property, acted with due diligence and a
    title search in accordance with proper procedure, had been conducted on behalf of
    plaintiffs.

87. Said title search failed to show that a lien was placed against the real property in question and plaintiffs, in good faith, closed, knowing they had purchased real property with a clear title.

88. Plaintiffs were unaware that at some point this lien once again appeared as a cloud on title and were not on notice that said lien from defendant existed against said real property.

89.   Plaintiffs did not discover the existence of the defendant's lien until 2018 at which point, they tried to resolve this matter with the defendant, its agents, servants and employees.

90. On or about January 11, 2018, the plaintiffs entered into a contract of sale for the real property at issue; said purchaser is Municipal Housing Authority of the City of Utica and the sale price is $750,000.00.  The closing was to take place on July 20, 2018.  During the title search, the aforesaid 1996 Capital Improvement appeared as a cloud on title.

91. Plaintiffs and the attorneys for the purchasers, Municipal Housing Authority of the City of Utica, communicated with the defendants, their agents, servants and employees and provided a time-line as well as supporting documentation, all requested by defendants, in an effort to have the lien expunged.

92. Defendant, through its agents, servants and employees, in particular Laurie A. Beardi and James Brylinski, Esq., affirmatively lead plaintiffs to believe the lien would be lifted as expressed in their emails dated August 23, 2018.

93. The last communication with the defendants was that, after the representations made by agents, servants and employees BRYLINSKI and BEARDI, HUD, acting arbitrarily,

capriciously, negligently and with disregard for the harm it was causing, denied plaintiff's request to lift said lien.

94. The purchaser for value, Municipal Housing Authority of the City of Utica has rescinded the contract of sale.

95. Plaintiffs are the lawful owners of the real property at issue, the deed having been duly recorded; the plaintiffs never received any capital improvement monies from the defendant; when plaintiffs took possession of the real property at issue, the capital improvement lien was not discovered during a title search, same having been conducted by a reputable title company in Utica, NY; the title had been insured and plaintiffs had received a clear title; that the capital improvement lien is not valid; that the defendants have failed to take any steps during the prior 22 years to protect and/or collect on the capital improvement grant and the capital improvement grant is invalid as against the plaintiffs; plaintiffs have a valid interest in the real property at issue and the defendants' adverse claims concerning the capital improvement lien filed against the property is invalid and should be expunged.

96. Plaintiff seeks a declaratory judgment expunging the aforesaid defendants' capital improvement lien and clearing title.

## THIRD CAUSE OF ACTION FOR DECLARATORY JUDGMENT

97. Plaintiffs repeat, reallege and reiterate each and every allegation contained in paragraphs marked "1" through "96" with the same force and effect as if more fully and at length set forth herein.

98. Plaintiffs seek equitable relief to quiet title and to expunge the capital improvement grant recorded against the real property in issue.

99. That said capital improvement lien is a cloud on title.

100.     Upon information and belief, the sums of monies had been provided by defendants to C.W.B. Housing Development Fund Corporation as part of a Capital Improvement program and the monies were issued on or about July 11, 1996.

101.     The real property in issue had been sold by C.W.B. Housing Development Fund Corporation to United Four, Inc. in 2006 and said capital improvement grant, upon information and belief, failed to appear as a cloud on title.

102.     Subsequently, in or about May 20, 2016, United Four, Inc. sold the real property at issue to plaintiffs, Blue Angel Realty, Inc. and said capital improvement grant failed to appear as a cloud on title.

103.     Upon information and belief, the defendants have failed to take any steps from 1996 to the present to recoup any of the monies from the grantee, and said grantee lien is not valid against the plaintiffs.

104.     On or about January 11, 2018, the plaintiffs entered into a contract of sale for the real property at issue; said purchaser is Municipal Housing Authority of the City of Utica and the sale price is $750,000.00.  The closing was to take place on July 20, 2018. During the title search, the aforesaid 1996 Capital Improvement, which was provided to a prior owner of the real property and not plaintiffs, grant appeared as a cloud on title.

105.     Plaintiffs and the attorneys for the purchasers, Municipal Housing Authority of the City of Utica, communicated with the defendant, its agents, servants and employees and provided a time-line as well as supporting documentation, all requested by defendants, in an effort to have the lien expunged.

106.     The defendant, through its agents, servants and employees, expressed that the

removal of said lien should occur and they had to wait for final approval from HUD.

107.     Plaintiff's request to expunge the lien had been denied without reason from

defendant HUD after representations made by its agents, servants and employees, in

particular BRYLINSKI and BEARDI, were to the contrary.

108.     More than six months had elapsed without any further communication from

defendant, its agents, servants and employees despite the plaintiffs' attempts made in

October, 2018 for an amicable resolution.

109.     Municipal Housing Authority of the City of Utica has refused to purchase said

real property at this point causing plaintiffs to sustain significant damages in the sum of

$750,000.00.

110.     Plaintiff seeks a declaratory judgment expunging the aforesaid defendant's lien

and clearing title so plaintiffs may sell the real property in question with a clear title.

### AS AND FOR A FOURTH CAUSE OF ACTION
### FOR NEGLIGENCE

111.     Plaintiff's repeat, reiterate and reallege each and every allegation contained in

paragraphs marked "1" through "110" with the same force and effect as if more fully set

forth at length herein.

112.     The defendants, their agents, servants and employees  held a recorded grant

against the premises for funding provided to Utica Urban Renewal Agency and C.W.B.

Housing Development Fund Corp. for said premises; this grant was recorded in 1996 and,

upon information and belief, the defendants have failed to engage in any activity to

collect said grant;  upon information and belief, the real property in question was sold at a

tax foreclosure sale; the defendant did nothing to protect its interest at the time of said

sale and, upon information and belief, the lien was extinguished; in 2006, C.W.B Housing Development Fund Corp. sold the property to United Four, Inc., which was an arm's length transaction between two unrelated parties; the property was sold again from United Four, Inc. to the plaintiff Blue Angel Realty, Inc. on May 20, 2006; that the plaintiffs caused to have a title search conducted at the time of purchase and said alleged lien did not appear as a cloud on title; plaintiffs took possession of said premises and were unaware of the existence of any alleged lien; plaintiffs first learned of the lien when a title search had been conducted in connection with the sale of the property in 2018; Plaintiff s are not the beneficiary of the alleged capital improvement grant provided by defendants to C.W.B. Housing Development Fund Corp., an entity that has no relationship with the plaintiffs; plaintiffs have never received any monies from the defendants for the real property at issue; plaintiffs were unaware of an alleged recorded grant against the real property since same was never revealed during a title search at the time plaintiffs purchased the property from United Four, Inc., also an entity that, upon information and belief, was not and is not related to defendants and is also not the beneficiary of the alleged capital improvement grant by defendants to C.W.B. Housing Development Fund Corp.

113.    Upon information and belief, the defendant, its agents, servants and employees were negligent, careless and reckless in that said defendant permitted the lien to be removed from the title of the premises upon the sale of the property at a tax lien and the recording of the deed at the time of sale; in that the defendants, its agents, servants and employees never engaged in any activity to collect on the grant at issue from the grantee; in that the defendant, its agents servants and employees were aware of the sale of the real

18

property in question at a tax foreclosure sale and did nothing to participate in said sale or to protect its alleged lien at the time of the sale; n that the defendants abandoned any and all legal rights the defendants had in said property as to the lien; in that the conduct of the defendant, its agents, servants and employees lulled members of the general public, interested in purchasing said real property, in jeopardy, since, upon information and belief, the lien no longer appeared as cloud on title and placed the unwary, acting with due diligence in researching said titles, to upon information and belief, believe they were purchasing real property with a clear title.

114.    When plaintiffs purchased the real property in issue, the defendants' grant failed to appear as a cloud on title although plaintiff acted with due diligence in having said title searched by a title company.

115.    Moreover, the defendant, its agents, servants and employees were aware of the existence of a valid contract of sale between plaintiffs and Utica Municipal Housing Authority in that both the plaintiffs and the attorneys for Utica Municipal Housing Authority expressly, in writing and orally, advised the defendants of the existence of said contract for the sale of the premises in question to Utica Municipal Housing Authority.

116.    The defendants, through its agents, servants and employees, in particular Laurie Beardi and James C. Brylinski, Esq., were aware of the contract of sale between Blue Angel Realty, Inc. and Municipal Housing Authority of Utica since same had been presented to them during negotiations to resolve this matter amicably, by plaintiffs; the defendants have failed to resolve this matter, although representations were made to plaintiffs that the lien should be lifted.

117.     The defendants, their agents, servants and employees were negligent, careless and

reckless in failing to remove the recorded grant once the premises were sold from the

original grantee, C.W.B. Housing Development Fund Corp. (hereinafter referred to as

"CWB") to United Four, Inc.; in failing to ensure that the capital improvement grant was

satisfied from the sale of the proceeds between C.W.B. to United Four, Inc.; in failing to

ensure that the grant/lien was expunged from the title; in failing to take any and all steps

necessary to remove the lien from the title especially after plaintiffs notified the

defendants of same and plaintiffs inability to proceed to closing due to the lien on title; in

that the defendants, their agents, servants and employees owed the plaintiffs a duty to

clear title; in that the defendants breached that duty and as a result, the plaintiff has been

damaged in that the title is to their real property is not clear and plaintiffs cannot sell said

property for fair value; that the defendants have carelessly, recklessly and negligently

failed to act in a timely manner to clear said title; and in that the defendants, their agents,

servants and employees have otherwise been negligent; that the plaintiffs have not

contributed to this negligence in any manner and plaintiffs have been damaged.

118.     As a result of the negligence of the defendant, its agents, servants and employees,

the plaintiffs lost the sale of the real property to the Municipal Housing Authority of the

City of Utica (UMHA) in the sum of $750,000.00 and plaintiffs are now unable to sell the

real property in question for its value.

119.     Additionally, plaintiffs tried to negotiate with the defendant HUD, its agents,

servants and employees to obtain a capital improvement loan in the sum of $750,000.00

but to no avail in that HUD has denied said request after defendant, through its agents,

servants and employees in particular Laurie Beardie and James Brylinski unequivocally indicated expunging the lien wouldn't be a problem.

120.    As a result of the negligence of the defendants, their agents, servants and employees, the plaintiff was unable to perform the contract of sale and lost the sale price of $750,000.00; lost the ability to reinvest in another property with the net proceeds from the sale of the real property at issue which was valued at $4,000,000.00; lost rental income and continues to lose rental income in the sum of approximately $16,000.00 per month from the property Plaintiff was going to purchase; is losing rental income each month from the real property at issue.

121.    As a result of the aforesaid and the defendants' negligence, the plaintiff has sustained damages of approximately FOUR MILLION SEVEN HUNDRED NINETY ($4,790,000.00) DOLLARS together with interest, costs and disbursements.

WHEREFORE, plaintiffs pray for relief on the FIRST CAUSE OF ACTION in the form of Mandamus, compelling the defendant, its agents, servants and employees to clear title, attorney's fees and expenses; on the SECOND CAUSE OF ACTION Plaintiff seeks an order of the court clearing title on the aforedescribed real property pursuant to 28 USC 2410(a)(1); on the THIRD CAUSE OF ACTION Plaintiff seeks a declaratory judgment expunging the aforesaid defendants' mortgage and clearing title; and, on the FOURTH CAUSE OF ACTION  plaintiffs  seek damages in the sum of FOUR MILLION SEVEN HUNDRED NINETY THOUSAND ($4,790,000.00) DOLLARS together with  interest, costs, disbursements and attorneys fees, together with any other and further relief this Court deems just, meet and proper.

Dated: Tuckahoe, New York
          September 22, 2020

Yours, etc.

Linda F. Fedrizzi, Esq. (lff3915)
Fedrizzi & Associates, P.C.
240 Westchester Avenue
Tuckahoe, NY 10707
Tel: (914) 396-4711
Fax: (914) 395-1302
Email:  LFFESQ@yahoo.com

## **INDIVIDUAL VERIFICATION**

State of New York                        )
                                                  )ss:
County of _____      )

I, BEDIS ZORMATI, being duly sworn, deposes and says:

That I am the President for the plaintiff BLUE ANGEL REALTY, INC. in the within

action.  I have read the foregoing amended complaint and know the contents thereof.  The same

are true to my own knowledge, except as to the matters therein stated to be alleged on

information and belief, and as to those matters, I believe it to be true.

_____
Bedis Zormati, President

Sworn to before me this
23rd day of September 2020

JENNIFER L YAM
Notary Public - State of New York
NO. 01YA6301524
Qualified in Queens County
My Commission Expires Apr 14, 2022

23