**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BLUE ANGEL REALTY, INC.,

        Plaintiff,

        v.

UNITED STATES OF AMERICA, *et ano.*,

        Defendants.

Case No. 20 Civ. 8220 (KPF)

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
THE AMENDED COMPLAINT**

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
86 Chambers St., 3rd Floor
New York, New York 10007
Telephone: 212-637-2810
Facsimile: 212-637-2786
*Attorney for Defendants*

ANTHONY J. SUN
Assistant United States Attorney
   *Of Counsel*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................... 1

BACKGROUND ......................................................................... 1

   I.  HUD'S SECTION 811 PROGRAM ...................................... 1

   II.  FACTUAL ALLEGATIONS ................................................ 3

   III. PROCEDURAL HISTORY ................................................. 5

LEGAL STANDARD ................................................................... 6

     A.  Rule 12(b)(1) Standard ............................................... 6

     B.  Rule 12(b)(6) Standard ............................................... 6

ARGUMENT ............................................................................. 7

   I.  THE UNITED STATES IS THE ONLY PROPER DEFENDANT TO AN FTCA ACTION AND THUS TORT CLAIMS AGAINST HUD SHOULD BE DISMISSED WITH PREJUDICE ......................................... 7

   II.  PLAINTIFF'S TORT CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE CLAIMS ARISING OUT OF MISREPRESENTATIONS OR INTERFERENCE WITH CONTRACT RIGHTS ARE BARRED ........................................................... 8

   III. PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS BARRED BY SOVEREIGN IMMUNITY AND FAILS TO STATE A CLAIM ................................. 10

     A.  The Unjust Enrichment Claim Seeks Damages But Does Not Identify a Waiver of Sovereign Immunity ................................. 11

     B.  Plaintiff Has Not Alleged the Necessary Elements for Unjust Enrichment ............. 11

   IV. PLAINTIFF'S QUIET TITLE CLAIM SHOULD BE DISMISSED............................ 12

     A.  Plaintiff's Quiet Title Claim Is Barred By the Statute of Limitations ................. 12

     B.  Plaintiff's Fails to State a Plausible Quiet Title Claim ................................ 14

   V.  PLAINTIFF HAS NOT IDENTIFIED ANY VIOLATION OF FEDERAL LAW, AND THUS MANDAMUS RELIEF IS NOT AVAILABLE ......................................... 16

   VI. THE DECLARATORY JUDGMENT ACT DOES NOT PROVIDE AN INDEPENDENT CAUSE OF ACTION ........................................................ 18

VII.     DISMISSAL SHOULD BE WITHOUT LEAVE TO AMEND ................................. 18

CONCLUSION.................................................................................................................... 19

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Akasa Holdings, LLC v. 214 Lafayette House, LLC,*
  177 A.D.3d 103 (1st Dep't 2019) ................................................................. 13

*Anderson v. Bowen,*
  881 F.2d 1 (2d Cir. 1989) ............................................................................. 17

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009) ........................................................................................ 7

*Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.,*
  968 F.2d 196 (2d Cir. 1992) ........................................................................... 6

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 554 (2007) ........................................................................................ 7

*Block v. Neal,*
  460 U.S. 289 (1983) ...................................................................................... 10

*C.P. Chem. Co. v. United States,*
  810 F.2d 34 (2d Cir. 1987) ............................................................................. 8

*Carr v. Devos,*
  369 F. Supp. 554 (S.D.N.Y. 2019) .............................................................. 18

*Chambers v. Time Warner,*
  282 F.3d 147 (2d Cir. 2002) ........................................................................... 3

*Chapdelaine v. Comm'r, U.S Parole Comm'n,* No. 01 Civ. 7365 (FM), 2002 WL 31115545
  (S.D.N.Y. Sept. 24, 2002) ............................................................................. 17

*Chen v. United States,*
  854 F.2d 622 (2d Cir. 1988) ......................................................................... 10

*Chevron Corp. v. Naranjo,* 667 F.3d 232 (2d Cir. 2012) ................................. 18

*Cuoco v. Moritsugu,*
  222 F.3d 99 (2d Cir. 2000) ........................................................................... 19

*Czetwertynski v. United States,*
  514 F. Supp. 2d 592 (S.D.N.Y. 2007) .......................................................... 13

*Done v. HSBC Bank USA,*
  No. 09 Civ. 4878 (JFB) (ARL), 2010 WL 3824142 (E.D.N.Y. Sept. 23, 2010) ........................ 3

iii

*Dotson v. Griesa,*
    398 F.3d 156 (2d Cir. 2005) ............................................................................... 11

*EEOC v. Port Auth. of N.Y. & N.J.,*
    768 F.3d 247 (2d Cir. 2014) .................................................................................. 7

*Erickson v. Pardus,*
    551 U.S. 89 (2007) ................................................................................................. 6

*Faulkner v. Verizon Commc'ns. Inc.,*
    189 F. Supp. 2d 161 (S.D.N.Y. 2002) ................................................................. 18

*FDIC v. Meyer,*
    510 U.S. 471 (1994) ......................................................................................... 8, 11

*Golden Pac. Bancorp. v. F.D.I.C.,*
    273 F.3d 509 (2d Cir. 2001) ............................................................................... 11

*Hightower v. United States,*
    205 F. Supp. 2d 146 (S.D.N.Y. 2002) ................................................................... 7

*Linardos v. Fortuna,*
    157 F.3d 945 (2d Cir. 1998) ................................................................................. 6

*Macklin v. United States,*
    300 F.3d 814 (7th Cir. 2002) .............................................................................. 12

*Makarova v. United States,*
    201 F.3d 110 (2d Cir. 2000) ........................................................................... 6, 11

*Mejia v. United States,*
    No. 13 Civ. 5676 (AJN), 2015 WL 5138708 (S.D.N.Y. Sept. 1, 2015) ................ 8

*Moutopoulis v. 2075-2081 Wallace Ave. Owners Corp.,*
    47 Misc. 3d 1049 (N.Y. City Civ. Ct. 2015) ....................................................... 15

*Myers Indus., Inc. v. Schoeller Arca Sys., Inc.,*
    171 F. Supp. 3d 107 (S.D.N.Y. 2016) ................................................................... 7

*Nath v. JP Morgan Chase Bank,*
    No. 15-CV-3937, 2016 WL 5791193 (S.D.N.Y. Sept. 30, 2016) ......................... 12

*New York v. Heckler,*
    742 F.2d 729 (2d Cir. 1984) ............................................................................... 18

*Nielsen v. Rabin,*
    746 F.3d 58 (2d Cir. 2014) ............................................................................. 7, 16

iv

*O'Mara v. Wappinger,*
   9 N.Y.3d 303 (2007) ............................................................................... 15

*PAB Aviation, Inc. v. United States,*
   No. 98-CV-5952 (JG), 2000 WL 1134468 (E.D.N.Y. Aug. 3, 2000) ........................................ 9

*PAB Aviation, Inc. v. United States,*
   169 F. App'x 61, 63 (2d Cir. 2006) ............................................................... 9

*Rivera v. United States,*
   928 F.2d 592 (2d Cir. 1991) ............................................................... 7, 8

*Robinson v. Gov't of Malaysia,*
   269 F.3d 133 (2d Cir. 2001) ............................................................... 6

*Rozsa v. May Davis Group, Inc.,*
   187 F. Supp. 2d 123 (S.D.N.Y. 2002) ............................................................... 18

*Sereika v. Patel,*
   411 F. Supp. 2d 397 (S.D.N.Y. 2006) ............................................................... 8

*Smith v. The Mayor,*
   68 N.Y. 552 (1877) ............................................................... 15

*United States v. Dalm,*
   494 U.S. 596 (1990) ............................................................... 11

*United States v. Mitchell,*
   445 U.S. 535 (1980) ............................................................... 6

*United States v. Neustadt,*
   366 U.S. 696 (1961) ............................................................... 10

**Federal Statutes**

28 U.S.C. § 1361 ............................................................... 5

28 U.S.C. § 2401 ............................................................... 12

28 U.S.C. § 2410 ............................................................... 5, 12

28 U.S.C. § 2679 ............................................................... 7

28 U.S.C. § 2680(h) ............................................................... passim

42 U.S.C. § 1437f ............................................................... 1

42 U.S.C. § 8013 ............................................................... 1, 2, 16

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ....................................................................... 1, 6

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 1, 3, 6

**Federal Regulations**

24 C.F.R. § 891.170 .......................................................................................................... 2, 16

**Other Authorities**

City of Utica Charter, Art. VIII, Div. 2, § 8.039(e) ................................................... 4, 15

## PRELIMINARY STATEMENT

Defendants United States of America and the United States Department of Housing and Urban Development ("HUD") (collectively, "Defendants" or the "Government") respectfully submit this memorandum of law in support of their motion to dismiss the Amended Complaint filed by plaintiff Blue Angel Realty, Inc. ("Plaintiff") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dismissal of Plaintiff's third attempt to state viable claims is warranted for several reasons: (i) HUD is not a proper defendant to an action brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2401, 2671–2680; (ii) Plaintiff's tort claims sound in misrepresentation and interference with contract and thus are outside the scope of FTCA's waiver of sovereign immunity, 28 U.S.C. § 2680(h); (iii) Plaintiff's unjust enrichment claim is barred by sovereign immunity, and it fails on the merits as well; (iv) Plaintiff's quiet title claim is barred by the statute of limitations, and it too fails on the merits; (v) mandamus relief is not available; and (vi) the Declaratory Judgment Act does not provide an independent cause of action. For these reasons, the Complaint should be dismissed without leave to replead, and judgment should be entered in favor of Defendants.

## BACKGROUND

### I.   HUD'S SECTION 811 PROGRAM

Among HUD's many programs is the Section 811 Program.[1] The program was created under Section 811 of the Cranston-Gonzalez National Affordable Housing Act, 42 U.S.C. § 8013, with accompanying regulations found at 24 C.F.R. Part 891.

---

[1] The Section 811 Program is separate and distinct from the program created under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f, with accompanying regulations found

The Section 811 Program provides assistance in the form of capital advances to eligible private, non-profit sponsors to finance the development of rental housing with supportive services for persons with disabilities. The owner does not have to repay the advance or pay interest on the advance so long as the housing remains available for very low or extremely low-income persons with disability. 42 U.S.C. § 8013(d)(1) ("A capital advance . . . shall bear no interest and its repayment shall not be required so long as the housing remains available for very-low-income persons with disabilities."); *see also* 24 C.F.R. § 891.170(a). Importantly, "[t]he capital advance may not be repaid to extinguish the requirements" of keeping the housing available for very low-income persons with disabilities." 24 C.F.R. § 891.170(a). To ensure compliance with the Section 811 Program requirements, HUD requires "a note and mortgage, use agreement, capital advance agreement and regulatory agreement from the Owner in a form to be prescribed by HUD." *Id.*

The Section 811 Program further requires that "[a]ny project for which a capital advance is provided . . . shall be operated for not less than 40 years as supportive housing for persons with disabilities, in accordance with the application for the project approved by the Secretary and shall, during such period, be made available for occupancy only by very low-income persons with disabilities." 42 U.S.C. § 8013(e)(1)(A). HUD further restricts the transfer of assets in the program without its prior written approval to ensure that the affected units will continue to provide rental housing for very low-income persons with disabilities "for not less than 40 years (from the date of original closing)." 24 C.F.R. § 891.170(b).

---

at 24 C.F.R. Part 982. The Section 8 Program provides housing choice vouchers to very low-income families, the elderly, and the disabled to afford decent, safe, and sanitary housing in the private market.

## II.    FACTUAL ALLEGATIONS[2]

As alleged in the Amended Complaint, Plaintiff is the current owner of an apartment complex known as the Blandina Street Apartments in the City of Utica, County of Oneida, State of New York (the "Subject Property"). Dkt. No. 14 ("Am. Compl."), ¶¶ 1–3. In 1996, the Subject Property was acquired by Plaintiff's predecessor-in-title, a subsidiary of Utica Community Action called the C.W.B. Housing Development Fund Corp ("C.W.B."[3]). Am. Compl. ¶¶ 4–6. At that time, a Section 811 Capital Advance in the amount of $1,024,600.00 was awarded to C.W.B. Am. Compl. ¶¶ 6, 9. At the same time, C.W.B. entered into a Regulatory Agreement, a Capital Advance Program use agreement, and a mortgage with HUD (collectively, the "HUD mortgage" or the "HUD liens"), all of which were "duly recorded in the offices of [the] Oneida County Clerk." Am. Compl. ¶¶ 5, 6; *See* Declaration of Laurie A. Beardi dated March 2, 2021 ("Beardi Decl."), Exs. A, B, C.

Among other things, the HUD use agreement restricts use of the property to "solely as rental housing for very-low income elderly or disabled persons" for a period of "not less than 40 years from July 11, 1996, unless otherwise approved by HUD." Beardi Decl., Ex. B, ¶¶ 2–3. The HUD regulatory agreement provides, among other things, that "HUD shall not be liable for any of its actions hereunder except for arbitrary and capricious conduct." *Id.*, Ex. C, ¶ 18. The HUD

---

[2] For purposes of this motion to dismiss only, Defendants treat the allegations in the Amended Complaint as true.

[3] Although alleged in the Amended Complaint as "C.W.R.," the instruments filed with the Oneida County Clerk list the party as "C.W.B." *See* Declaration of Laurie A. Beardi dated March 2, 2021, Exs. A, B, C. As documents that are both incorporated by reference into the complaint and "integral" to the complaint, they are properly before the Court on a motion to dismiss. *Chambers v. Time Warner*, 282 F.3d 147, 152–54 (2d Cir. 2002); *see also Done v. HSBC Bank USA*, No. 09 Civ. 4878 (JFB) (ARL), 2010 WL 3824142, at *2 (E.D.N.Y. Sept. 23, 2010) (citing *Chambers* and holding that where complaint regarding mortgage transaction referred to various mortgage documents, court could consider those mortgage documents on Rule 12(b)(6) motion).

mortgage document incorporates the regulatory agreement by reference and further limits the use of the property to "the use [that] was intended at the time this Mortgage was executed." *Id.*, Ex. A, ¶¶ 2–3. All three instruments bind the successors and the assigns of C.W.B. *Id.*, Ex. A, ¶ 27; *id.*, Ex. B, ¶ 4; *id.*, Ex. C, ¶ 19.

As a result of unpaid back taxes by C.W.B., in August 2004, the Subject Property was sold in a tax foreclosure sale by the City of Utica, to United Four, Inc., with transfer occurring by city tax deed[4] dated June 24, 2005. Am. Compl. ¶¶ 10, 15. Plaintiff alleges that Defendants were on notice of the tax sale but failed to satisfy the city tax lien and protect Defendants' interest in the real property. Am. Compl. ¶¶ 11–13. According to Plaintiff's allegations, Defendants thus lost their interest in the Subject Property. Am. Compl. ¶¶ 16–17, 19, 29. A further quitclaim deed was filed on February 22, 2006, in which C.W.B. quitclaimed any interest in the Subject Property to United Four, Inc. Am. Compl. ¶¶ 14, 18.

In May 2006, Plaintiff purchased the Subject Property from United Four, Inc., and Plaintiff received a warranty deed. Am. Compl. ¶ 20. Plaintiff obtained fee title insurance at the time of purchase, but it now claims that the policy was lost through a combination of a flood and other factors that have nothing to do with Defendants. Am. Compl. ¶¶ 24, 25.

On or about January 10, 2018, Plaintiff entered into a contract with the Utica Municipal Housing Authority for the sale of the Subject Property. Am. Compl. ¶ 26. The sale did not proceed in light of the HUD mortgage, which was discovered by the prospective purchasers

---

[4] A city tax deed is a quitclaim deed. City of Utica Charter, Art. VIII, Div. 2, § 8.039(e) ("Procedure for sale of land acquired by City for unpaid taxes. . . . [T]he properties shall be sold on an 'as is' basis by quit-claim deed.") (applicable to tax sales prior to and including 2006), *available at* https://ecode360.com/14003760 (last visited March 5, 2021). The City of Utica did not adopt Article 11 of the N.Y. Real Property Tax Law until Nov. 8, 2005. *Id.* (citing Local Law 1 of 2005).

during a title search. Am. Compl. ¶¶ 27–28, 35–36. Plaintiff alleges that although the Defendants never "engaged in any legal action to reinstate" the allegedly voided HUD liens, the HUD liens remained on the Subject Property. Am. Compl. ¶¶ 30–31. Plaintiff further alleges that it requested that HUD cancel the lien, and relied on alleged representations by HUD employees that the HUD lien "should be cancelled," but that "HUD in Washington, D.C." did not cancel the lien and refused to provide a capital advance. Am. Compl. ¶¶ 37–44, 69–71. As a result, the contract of sale was cancelled and Plaintiff allegedly suffered financial loss. Am. Compl. ¶¶ 45–46.

## III. PROCEDURAL HISTORY

On April 12, 2019, Plaintiff filed its first federal action relating to the Subject Property. *Blue Angel Realty, Inc. v. Carson*, 19 Civ. 3293 (AJN). After the Government filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim, Plaintiff voluntarily dismissed the first federal action. This second federal action was filed on October 2, 2020, and after the Government filed a pre-motion letter regarding its anticipated motion to dismiss the original complaint, Plaintiff filed its Amended Complaint on January 29, 2021.

In the Amended Complaint, Plaintiff brings eight overlapping causes of action against Defendants: (a) mandamus relief pursuant to 28 U.S.C. § 1361; (b) quiet title pursuant to 28 U.S.C. § 2410; (c) declaratory judgment; (d) negligence; (e) "violation of applicable federal law"; (f) unjust enrichment; (g) fraudulent concealment; and (g) prima facie tort. The Complaint seeks $4,790,000.00 in damages. Am. Compl. at 31.

## LEGAL STANDARD

### A.  Rule 12(b)(1) Standard

"The party invoking federal jurisdiction bears the burden of proving facts to establish that jurisdiction." *Linardos v. Fortuna*, 157 F.3d 945, 947 (2d Cir. 1998). In deciding whether to dismiss a complaint pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, a court should accept as true all material factual allegations in the complaint, but argumentative inferences favorable to the party asserting jurisdiction should not be drawn. *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). When considering a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may consider affidavits and materials beyond the pleadings to resolve jurisdictional questions. *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n.6 (2d Cir. 2001).

"'[T]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that her claims fall within an applicable waiver." *Id.* (citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Id.*

### B.  Rule 12(b)(6) Standard

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must accept the material facts alleged in the complaint as true and draw all inferences in favor of the non-moving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555–56 (2007)). A complaint must "*support* the viability of its claims by pleading sufficient nonconclusory factual matter to set forth a claim that is plausible on its face." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 253 (2d Cir. 2014). Plausibility requires "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) . "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A court need not "credit conclusory allegations or legal conclusions couched as factual allegations." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (internal quotation marks omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

Rule 12(b)(6)'s plausibility standard applies equally to motions to dismiss based on a statute of limitations defense. *Myers Indus., Inc. v. Schoeller Arca Sys., Inc.*, 171 F. Supp. 3d 107, 115 (S.D.N.Y. 2016). Thus, to survive a motion to dismiss based on a statute of limitations defense, a complaint must contain allegations that are consistent with a plausible claim that would not be time-barred. *Id.*

## ARGUMENT

## I.   THE UNITED STATES IS THE ONLY PROPER DEFENDANT TO AN FTCA ACTION AND THUS TORT CLAIMS AGAINST HUD SHOULD BE DISMISSED WITH PREJUDICE

Pursuant to the FTCA, "a suit against the United States is the exclusive remedy for a suit for damages for injury 'resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment' . . . ." *Hightower v. United States*, 205 F. Supp. 2d 146, 153-54 (S.D.N.Y. 2002) (quoting 28 U.S.C. § 2679(b)(1) and citing *Rivera v. United States*, 928 F.2d 592, 608–09 (2d Cir. 1991)). To the extent

Plaintiff's claims are grounded in the FTCA, they must be dismissed as against HUD because the United States is the only proper defendant to an FTCA action. "[I]t is well-established that the FTCA bars suit against agencies *eo nomine*." *Mejia v. United States*, No. 13 Civ. 5676 (AJN), 2015 WL 5138708, at *4 (S.D.N.Y. Sept. 1, 2015). "The FTCA precludes tort suit against federal agencies and makes the only proper federal institutional defendant in such an action the United States." *Sereika v. Patel*, 411 F. Supp. 2d 397, 409 (S.D.N.Y. 2006) (citing *Rivera*, 928 F.2d at 609); *see also C.P. Chem. Co. v. United States*, 810 F.2d 34, 37 n.1 (2d Cir. 1987) ("The FTCA expressly provides that only the United States may be held liable for torts committed by a federal agency, and not the agency itself."); *accord F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994).

Thus, Plaintiff's claims against HUD sounding in tort, *i.e.*, negligence, fraudulent concealment, and prima facie tort, must be dismissed with prejudice. In addition, to the extent that Plaintiff's claim against HUD for unjust enrichment seeks damages for an "intentional[] interfere[nce] with the contract of sale," Am. Compl. ¶ 152, it too sounds in tort and must be dismissed.

## II. PLAINTIFF'S TORT CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE CLAIMS ARISING OUT OF MISREPRESENTATIONS OR INTERFERENCE WITH CONTRACT RIGHTS ARE BARRED

Plaintiff brings various state-law tort claims against Defendants, namely, fraudulent concealment, prima facie tort, and negligence. The Court lacks subject matter jurisdiction over these claims because the FTCA excludes from its waiver of sovereign immunity "any claim arising out of . . . misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h). Indeed, all three tort claims asserted by Plaintiffs are simply repackaged version of the same facts, with different legal theories attached to them, all of which are barred by § 2680(h). Accordingly, these claims must be dismissed.

Specifically, Plaintiff's fraudulent concealment claim relies on an alleged "material misrepresentations" by HUD employees that Plaintiff allegedly "justifiabl[y] reli[ed] upon." Am. Compl. ¶¶ 156–57. The claim therefore unquestionably "aris[es] out of . . . misrepresentation" and is barred by § 2680(h).

Similarly, Plaintiff's negligence claim is premised on interference with a contract of sale between Plaintiff and the Municipal Housing Authority of Utica. Am. Compl. ¶¶ 66–74, 128–29. Plaintiff alleges that HUD employees' negligence resulted in Plaintiff being unable to perform the contract of sale and loss of the sale price, along with additional collateral consequences. Am. Compl. ¶ 133. The negligence claim therefore "aris[es] out of . . . interference with contract rights" and is outside the scope of the FTCA's waiver of sovereign immunity. *See PAB Aviation, Inc. v. United States*, No. 98-CV-5952 (JG), 2000 WL 1134468, at *2-*3 (E.D.N.Y. Aug. 3, 2000) (dismissing "claim [that], while styled as one for simple negligence, is really one for negligent interference with contract rights" pursuant to § 2680(h)), *aff'd*, 169 F. App'x 61 (2d Cir. 2006). Moreover, because New York does not recognize a cause of action for negligent interference with contract, the claim should be dismissed on that additional ground. *See PAB Aviation, Inc.*, 169 F. App'x at 63 n.2 ("[I]f plaintiff's claim is correctly construed as one for negligent interference with contract, then dismissal was warranted under § 1346(b)(1) for failure to state a claim under New York law independent of the contract exception provided in § 2680(h).").

Finally, Plaintiff's attempt to plead a prima facie tort fares no better, as it is premised on the same acts or omissions by HUD employees affecting the contract of sale. Am. Compl. ¶ 164–65. A prima facie tort is similar to an intentional tort, but where the acts complained of would otherwise be lawful but for a defendant's "disinterested malevolence." *See Chen v. United States*,

854 F.2d 622, 627–28 (2d Cir. 1988). However, "a set of facts giving rise to a common-law tort is fatal to a prima facie tort claim." *Id.* at 628. Because the claim of prima facie tort arises out of the same set of facts as the negligence claim and the fraudulent concealment claim, it too is not actionable under the FTCA. *See id.* at 628 & n.2.

At bottom, Plaintiff's tort claims revolve around allegedly fraudulent misrepresentations by HUD employees regarding whether the HUD mortgage would be lifted, which allegedly interfered with Plaintiff's contract of sale. Plaintiff simply cannot circumvent the FTCA's exceptions by artful pleading. *See United States v. Neustadt*, 366 U.S. 696, 703 & n.13 (1961) (looking to the "true basis" of a claim to ascertain the "real cause of complaint"). Claims based on allegations of misrepresentation are barred if the essence of the complaint is that government failed to use due care in obtaining or communicating information (*i.e.*, that the government committed a tort), regardless of how a plaintiff may characterize his or her claim. *Block v. Neal*, 460 U.S. 289, 296–97 (1983). Such claims fall squarely within the exceptions of § 2680(h) and are outside the waiver of sovereign immunity. As such, the Court should dismiss Plaintiff's tort claims for lack of subject matter jurisdiction.

## III.   PLAINTIFF'S UNJUST ENRICHMENT CLAIM IS BARRED BY SOVEREIGN IMMUNITY AND FAILS TO STATE A CLAIM

With respect to Plaintiff's unjust enrichment claim, the claim is not alleged as one for equitable relief, but for damages. Am. Compl. ¶ 153 (claiming $800,000.00 in damages for unjust enrichment, plus punitive damages). The unjust enrichment claim must be dismissed for two independent reasons. First, Plaintiff has not identified an applicable waiver of sovereign immunity, which is fatal to the claim. Second, Plaintiff has not established the necessary elements of a claim for unjust enrichment, starting with the failure to identify any unjust enrichment that would be disgorged; on the contrary, far from being enriched, HUD made an

10

interest-free capital advance on the condition that the Subject Property be operated in accordance with the Section 811 program.

### A.  The Unjust Enrichment Claim Seeks Damages But Does Not Identify a Waiver of Sovereign Immunity

It is well-established that the United States is immune from suit unless it consents to be sued. *United States v. Dalm*, 494 U.S. 596, 608 (1990). This immunity extends to federal agencies and officers acting in their official capacities. *Meyer*, 510 U.S. at 475  ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Dotson v. Griesa*, 398 F.3d 156, 177 (2d Cir. 2005). Plaintiff has not identified any waiver of sovereign immunity that would permit it to pursue a claim of unjust enrichment against Defendants and recover damages. *See Makarova*, 201 F.3d at 113 (a plaintiff "bears the burden of establishing that [its] claims fall within an applicable waiver"). Moreover, to the extent that Plaintiff's claim for unjust enrichment, like the tort claims, seeks damages for an "intentional[] interfere[nce] with the contract of sale" specifically, Am. Compl. ¶ 152, it is barred for the same reasons. *See* 28 U.S.C. § 2680(h) (barring "any claim" arising out of interference with contract rights). Thus, the unjust enrichment claim must be dismissed for lack of subject matter jurisdiction.

### B.  Plaintiff Has Not Alleged the Necessary Elements for Unjust Enrichment

Plaintiff has failed to allege facts establishing any of the required elements for an unjust enrichment claim. "Under New York law, for a plaintiff to prevail on a claim of unjust enrichment, he must establish (1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff." *Golden Pac. Bancorp. v. F.D.I.C.*, 273 F.3d 509, 519 (2d Cir. 2001).

11

As an initial matter, Plaintiff has not identified any unjust enrichment that must be disgorged — it alleges only that the Government would be enriched if Plaintiff is required to make a *future* payment to the Government. Am. Compl. ¶ 152 (enrichment only if "plaintiff[] ha[s] to repay the capital improvement grant"). It follows that because there is no enrichment, it could not have been at Plaintiff's expense. Moreover, equity and good conscience do not require that anything be given to Plaintiff; it was Plaintiff's predecessor-in-title who mortgaged the property (binding successors and assigns) in exchange for due consideration in the form of a Section 811 capital advance. Am. Compl. ¶¶ 5–6, 9. Indeed, to the extent that equity and good conscience require anything, it is that the Subject Property remain subject to the Section 811 Program's statutory and regulatory requirements, which would not be lifted even if the HUD mortgage were extinguished. Thus, even if examined on the merits, the unjust enrichment claim should be dismissed.

## IV. PLAINTIFF'S QUIET TITLE CLAIM SHOULD BE DISMISSED

Plaintiff's claim to quiet title pursuant to 28 U.S.C. § 2410 should be dismissed because it suffers from two fatal defects. First, the claim is barred because the statute of limitations has run, Plaintiff having been on inquiry notice of the HUD mortgage for more than fourteen years. Second, even if the claim was timely brought, Plaintiff's quiet title claim fails because the HUD mortgage and attendant obligations remain with the Subject Property.

### A. Plaintiff's Quiet Title Claim Is Barred By the Statute of Limitations

A quiet claim under § 2410(a) is subject to a six-year statute of limitations. *See Macklin v. United States*, 300 F.3d 814, 819 (7th Cir. 2002) (holding that the six-year statute of limitations in 28 U.S.C. § 2401(a) applies to a § 2410(a) action); *Nath v. JP Morgan Chase Bank*, No. 15-CV-3937, 2016 WL 5791193, at *13 (S.D.N.Y. Sept. 30, 2016) ("[A]ctions

brought pursuant to § 2410 are subject to the catch-all six-year statute of limitations for civil actions commenced against the United States, found in 28 U.S.C. § 2401(a)"), *aff'd*, 732 F. App'x 82 (2d Cir. July 24, 2018). The time-bar of § 2401(a) is jurisdictional and cannot be subject to equitable tolling. *Czetwertynski v. United States*, 514 F. Supp. 2d 592, 597 (S.D.N.Y. 2007).

Plaintiff concedes that "[o]n or about July 11, 1996," the HUD agreements were "duly recorded in the offices of [the] Oneida County Clerk." Am. Compl. ¶ 6. When Plaintiff purchased the Subject Property in May 2006, Am. Compl. ¶ 20, Plaintiff was on inquiry notice as to the HUD mortgage. *See Akasa Holdings, LLC v. 214 Lafayette House, LLC*, 177 A.D.3d 103, 120 (1st Dep't 2019) ("The intended purchaser [of real property] must be presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led. If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed." (internal quotation marks omitted)). Plaintiff could have found the HUD mortgage and filed suit pursuant to § 2410 to quiet title at any point in the six years after it purchased the property. Moreover, although Plaintiff alleges that its title insurer failed to locate the HUD mortgage, Plaintiff itself acknowledges that the HUD mortgage remained in the Oneida County Clerk's records in 2018, where it had been "duly recorded" in 1996, even though Plaintiff alleges that HUD never attempted to "reinstate" the HUD mortgage that Plaintiff alleges was extinguished in 2006. Am. Compl. ¶¶ 30, 34. Despite inquiry notice throughout that time, however, Plaintiff filed this action more than fourteen years later, on October 2, 2020. The quiet title claim is therefore untimely and barred by the statute of limitations.

### B.  Plaintiff's Fails to State a Plausible Quiet Title Claim

Plaintiff seeks to quiet title and extinguish HUD's "duly recorded" mortgage, even though it is Plaintiff's title insurer and prior counsel who are at fault. Plaintiff has asserted no valid basis for voiding HUD's mortgage, which was attached to the property in accordance with the Section 811 Program and is superior to Plaintiff's interest in the property as a result of the conveyances in Plaintiff's chain of title.

The factual allegations underpinning the quiet title claim are that: (a) in 2006, Plaintiff's predecessor in title, United Four, Inc., obtained a quitclaim deed from C.W.B. and a city tax deed (also quitclaim) from the City of Utica, Am. Compl. ¶¶ 15, 18; (b) Plaintiff obtained title from United Four, Inc., by warranty deed, Am. Compl. ¶ 20; (c) Plaintiff obtained title insurance at the time of the 2006 purchase of the Subject Property, Am. Compl. ¶ 24; (d) Plaintiff's title insurer failed to identify the HUD mortgage during a 2006 title search, even though the HUD mortgage was "duly recorded" with the Oneida County Clerk, Compl. ¶¶ 6, 22–23, 97, 100; (E) Plaintiff's "attorneys suffered a catastrophic flood loss and the [title insurance] policy could not be produced," Am. Compl. ¶ 24; (f) "the Abstract Company that furnished the policy went out of business," Am. Compl. ¶ 25; (g) the "duly recorded" HUD mortgage remained in the Oneida County Clerk's records in 2018 and was identified during a 2018 title search, Am. Compl. ¶¶ 28, 35, 102–03; (h) HUD "failed to take any steps during the past 22 years to protect and/or collect on the capital improvement grant," Am. Compl. ¶ 108; and (i) HUD refused to lift its liens, Am. Compl. ¶ 106. Though Plaintiff takes issue with HUD's refusal to release the mortgage in light of the above, HUD properly concluded that it has no legal obligation to do so.

Plaintiff ignores black-letter law governing its rights in the Subject Property. Plaintiff's immediate predecessor-in-title, United Four, Inc., took the property by tax deed from the City of

Utica and quitclaim deed from C.W.B. Compl. ¶ 10–11. A city tax deed is a quitclaim deed. City of Utica Charter, Art. VIII, Div. 2, § 8.039(e) ("Procedure for sale of land acquired by City for unpaid taxes. . . . [T]he properties shall be sold on an 'as is' basis by quit-claim deed.") (applicable to tax sales prior to and including 2006). Contrary to Plaintiff's alleged legal conclusion that the tax sale extinguished the HUD mortgage, United Four took the property subject to all encumbrances and inherited only those property rights that the City of Utica and C.W.B. had to convey, which were still subject to the HUD mortgage, including the use agreement and the regulatory agreement. *See Moutopoulis v. 2075-2081 Wallace Ave. Owners Corp.*, 47 Misc. 3d 1049, 1056 n.2 (N.Y. City Civ. Ct. 2015) (citing the Black's Law Dictionary definition of quit claim "as a deed of conveyance operating by way of release; that is, intended to pass any title, interest, or claim which the grantor may have in the premises, but not professing that such title is valid, nor containing any warranty or covenants for title"); *O'Mara v. Wappinger*, 9 N.Y.3d 303, 310–11 (2007) (open space restriction not extinguished by a tax sale); *Smith v. The Mayor*, 68 N.Y. 552, 557 (1877) ("one who purchases land at a tax sale must take all the easements and incidents attached to or pertaining to the land"). Two years later, Plaintiff then took the Subject Property by warranty deed from United Four, Inc. Am. Compl. ¶ 20. Accordingly, Plaintiff could take only those property rights already possessed by United Four, Inc., which was limited by what United Four, in turn, inherited from the City of Utica and C.W.B., *i.e.*, rights subject to the HUD mortgage, which include the use agreement and the regulatory agreement and their attendant obligations. Furthermore, there is a clear chain of title between C.W.B. and Plaintiff, making Plaintiff a successor and/or assignee of C.W.B. bound by the HUD mortgage.

15

At bottom, Plaintiff's complaint stems from its title insurer's failure to identify the HUD mortgage in 2006. Instead of making a claim against its title insurer or pursuing the entity which gave Plaintiff a warranty deed, Plaintiff attacks the HUD mortgage, which attached to the Subject Property pursuant to valid, duly recorded instruments executed in accordance with the Section 811 Program. But under federal law, the HUD mortgage must remain on the Subject Property and the attendant obligations cannot be extinguished — even if the financial obligation to HUD was discharged, *e.g.*, by repayment of the capital advance — until the Subject Property has been in compliance with the program for not less than 40 years. 42 U.S.C. § 8013(e)(1)(A); 24 C.F.R. § 891.170(b). Plaintiff has not established that the requirement of 40 years of compliance has been met; nor could it, as the capital advance underlying the HUD mortgage occurred less than 25 years ago in July 1996. *See* Am. Compl. ¶ 6. As such, Plaintiff has no basis for voiding the HUD mortgage and its attendant obligations.

## V.   PLAINTIFF HAS NOT IDENTIFIED ANY VIOLATION OF FEDERAL LAW, AND THUS MANDAMUS RELIEF IS NOT AVAILABLE

Plaintiff makes only conclusory allegations in support of its mandamus claim and its claim for "violation of federal law." Indeed, so conclusory are the allegations that Plaintiff has failed to identify a single federal law that HUD is alleged to have violated. Instead, Plaintiff alleges only that it believes HUD had "made clear that the lien would be lifted," thereby creating a "clear duty" in light of "affirmative representations," and stating only that "the court will take judicial notice of" "various mandates, obligations and duties set forth in the applicable statutes, ordinances, rules and regulations." Am. Compl. ¶¶ 89, 136. Such general allegations of unspecified violations of "all applicable federal statutes governing the activities of the defendants," Am. Compl. ¶ 144, are insufficient to state a claim, as they do not even amount to "threadbare recitals of the elements a cause of action." *Cf. Nielsen*, 746 F.3d at 62 ("[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not

suffice."). Plaintiff's failure to identify any violation of law is fatal to its mandamus claim.

Mandamus relief is available only when a plaintiff shows (1) a clear right to the relief

sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in

question, and (3) no other adequate remedy available. *See Anderson v. Bowen*, 881 F.2d 1, 5 (2d

Cir. 1989). Plaintiff has not established any of the required elements.

First, Plaintiff has not shown any right to the relief sought, let alone a "clear right," to

"clear and quiet title . . . and/or provide a capital improvement in the sum of $750,000.00," Am.

Compl. ¶ 88. Plaintiff has simply failed to identify any statute or regulation that requires HUD to

release the Subject Property from the Section 811 Program or grant Plaintiff capital improvement

funds. *See, e.g.*, *Chapdelaine v. Comm'r, U.S Parole Comm'n*, No. 01 Civ. 7365 (FM), 2002 WL

31115545, at *5 (S.D.N.Y. Sept. 24, 2002) (no "clear right" where plaintiff "has not cited, nor is

the Court aware of, any statute or regulation that requires" the desired governmental action). On

the contrary, the Section 811 Program requires that its terms and conditions be honored for 40

years. Nor has Plaintiff shown any authority why, even if the HUD mortgage was extinguished,

it would be entitled to a capital improvement grant or why the statutory strictures of the Section

811 Program would not apply.

Second, Plaintiff has not shown any duty on the Government's part, let alone a plainly

defined and peremptory duty, to clear title or provide a "capital improvement." The only

purported duty alleged by Plaintiff is an apparent duty to live up to alleged "affirmative

representations," but this mere conclusory allegation of a duty, without any reference to, or

grounding in, the statutory and regulatory scheme at issue, fails to meet the standard required for

mandamus. *Cf. New York v. Heckler*, 742 F.2d 729, 739 (2d Cir. 1984) (writ of mandamus will not issue unless defendant is under "a clear nondiscretionary duty to perform the act requested.").

Finally, Plaintiff's mandamus claim also fails to establish the third element because the ultimate relief Plaintiff seeks is to quiet title. Mandamus is inappropriate here because there is another adequate remedy available to quiet title in the form of 28 U.S.C. § 2410, though for the reasons already explained above, that claim fails. Thus, the mandamus claim must be dismissed.

## VI.   THE DECLARATORY JUDGMENT ACT DOES NOT PROVIDE AN INDEPENDENT CAUSE OF ACTION

The Declaratory Judgment Act is procedural in nature only, and it does not create an independent cause of action. *Carr v. Devos*, 369 F. Supp. 554, 563 (S.D.N.Y. 2019) (Failla, J.) (citing *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012)). Thus, that claim must be dismissed as well.

## VII.   DISMISSAL SHOULD BE WITHOUT LEAVE TO AMEND

Because Plaintiff's claims are jurisdictionally barred, time-barred, and otherwise fail on the merits, and because the Amended Complaint represents Plaintiff's third unsuccessful attempt to state cognizable causes of action against the Defendants, the Court should dismiss the Amended Complaint should be dismissed without further leave to re-plead, and with prejudice to the extent Plaintiff's claims are not dismissed for lack of subject matter jurisdiction. *See Faulkner v. Verizon Commc'ns. Inc.*, 189 F. Supp. 2d 161, 174 (S.D.N.Y. 2002) ("[B]ecause this Court has already allowed plaintiffs an opportunity to replead, the Amended Complaint is dismissed with prejudice."); *Rozsa v. May Davis Group, Inc.*, 187 F. Supp. 2d 123, 132 (S.D.N.Y. 2002) (dismissing for failure to state a claim without leave to replead after plaintiff made two attempts to state a claim). Plaintiff's claims are devoid of any basis in law or fact, defects that cannot be cured by amendment, and thus, denial of leave to file an amended

complaint is appropriate. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (noting that where the problem with a complaint is "substantive[,] better pleading will not cure it" and leave to amend should be denied).

## **CONCLUSION**

For the foregoing reasons, the Amended Complaint should be dismissed without leave to amend, and with prejudice as to any claims over which the Court has subject matter jurisdiction.

Dated: New York, New York
          March 5, 2021

                                        Respectfully submitted,

                                        AUDREY STRAUSS
                                        United States Attorney for the
                                        Southern District of New York
                                        *Attorney for Defendants*

                              By:    s/ Anthony J. Sun
                                        ANTHONY J. SUN
                                        Assistant United States Attorney
                                        86 Chambers Street, 3rd Floor
                                        New York, New York 10007
                                        Tel.: 212-637-2810
                                        anthony.sun@usdoj.gov